

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,732-02

**EX PARTE FRANCISCO CASTIO BERBER, JR., Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W08-71908-K(A) IN THE CRIMINAL DISTRICT COURT NO. 4
## FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant entered an open plea of guilty to aggravated sexual assault of an elderly or disabled person and was sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Berber v. State*, No. 05-08-01467-CR (Tex. App. — Dallas Dec. 2, 2010) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The record initially received by this Court appeared to be incomplete, in that it did not contain copies of various exhibits referenced by Applicant as allegedly having been filed in support of his application. Furthermore, the record did not contain copies of most of the plea documents in this case, or of any documents relating to the competency evaluation which is the subject of one of

Applicant's habeas claims.

On July 28, 2021, this Court remanded this case to the trial court to obtain affidavits and findings addressing Applicant's allegations. This Court's remand order included instructions to supplement the habeas record with "copies any exhibits or memoranda filed by Applicant in conjunction with his habeas application, and with copies of all written plea papers and any documents relevant to the competency evaluations and plea proceedings in this case."

On September 8, 2021, this Court received the supplemental record after remand, which consisted of an affidavit from trial counsel and the trial court's findings of fact and conclusions of law, but did not include any of the other documents specified in this Court's remand order.

On September 15, 2021, this Court ordered the district clerk to supplement the record by either forwarding to this Court or certifying in writing that the exhibits to which Applicant refers in his application, written plea papers from the original plea proceedings, and documents pertaining to Applicant's competency evaluation are not part of the record. The clerk was ordered to respond within thirty days from the date of the order but the clerk has not responded to this Court's order, except that on April 4, 2022, this Court received a letter from the district clerk requesting an unspecified extension of time to further research whether such documents exist.

We therefore remand this application again to the trial court. The trial court shall ensure that the habeas record is supplemented with copies any exhibits or memoranda filed by Applicant in conjunction with his habeas application, and with copies of all written plea papers and any documents relevant to the competency evaluations and plea proceedings in this case. If no exhibits or memoranda were filed in conjunction with the application, or if no plea papers or documents relevant to the competency evaluation exist, the trial court shall make findings of fact to that effect.

The trial court shall respond within thirty days from the date of this order. Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 18, 2022
Do not publish